This petition for certiorari presents two issues for our determination:
 1. Was there a valid warrantless seizure of the pills from petitioner's vehicle by reason of the "plain view" doctrine?
 2. Was the seizure of the marihuana, subsequently discovered after a warrantless search of the vehicle, justified under the "exigent circumstances and probable cause" exception?
We answer both questions in the negative. We reverse and remand the judgment of affirmance of the Court of Criminal Appeals.
Simply stated, the facts are these. Officer Lundy stopped petitioner's van truck solely for "an I.D. check." The officer got out, as did petitioner, and they met between the vehicles where petitioner showed the officer his driver's license. Whereupon, Officer Lundy walked to the passenger's side of the van, opened the door, shined his flashlight in the front of the van and saw a cellophane bag, in the ashtray, with "some small pink pills" in it. Along with another officer, Lundy took the cellophane bag out of the ashtray, reached under the dash and took out a "couple of prescription bottles" with "some pills" in it, other cellophane bags of pills, and "some marijuana." Petitioner was arrested and charged with possession of marihuana for personal use. He was convicted of this charge in this case.
We assume, without deciding, that the initial stopping of the vehicle "for an I.D. check" was lawful. We must agree, however, with the well-reasoned dissent of Judge Bookout who concludes that both the *Page 926 
seizure of the pills and the resulting search and seizure of the marihuana contravened the Fourth Amendment to the United States Constitution as interpreted by the decisions of the United States Supreme Court, which we are constrained by law to follow.
At the outset it should be stated that the most basic constitutional rule pertaining to warrantless searches is that such searches
 "`. . . are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions.' The exceptions are `jealously and carefully drawn,' and there must be `a showing by those who seek exception . . . that the exigencies of the situation made that course imperative.' `[T]he burden is on those seeking the exemption to show the need for it.' [Footnotes omitted.]" [Emphasis supplied.]
Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022,29 L.Ed.2d 564 (1971).
The "plain view" exception, under which the Court of Criminal Appeals justifies seizure of the cellophane bag of pills, must fail for two reasons.
First, there is no prior justification given for the "initial intrusion" by the officer into the van truck by opening the front door and shining his flashlight into the van where he observed the cellophane bag with pink pills in the open ashtray. [We do not suggest that the use of the flashlight in itself has any significance in this case. It does not.]
Of course, in nearly every case, evidence seized by police will be in "plain view" at the moment of seizure. Just because the officer sees something does not make it seizable under the "plain view" doctrine.
As the United States Supreme Court articulated the "plain view" doctrine in Coolidge, supra:
 "What the `plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification — whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused — and permits the warrantless seizure. Of course, the extension of the original justification is legitimate only where it is immediately apparent to the police that they have evidence before them; the `plain view' doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges. Cf. Stanley v. Georgia, supra, [394 U.S. 557] 571-572 [89 S.Ct. 1243, 22 L.Ed.2d 542] (Stewart, J., concurring)."
It is well-settled law that a search cannot be made legal by what is turned up by the search. See Wong Sun v. United States,371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Thus, it is that, in the instant case, the facts articulated will not bring the case within the "plain view" doctrine because, first, there was no prior justification for the initial intrusion into the van by the officer.
Second, the "plain view" exception must fail because there are no facts shown to indicate that the incriminating nature of the object in "plain view" was apparent to the officer at the time of its seizure. We have held that
 "For an item in plain view to be validly seized, the officer must possess some judgment at the time that the object to be seized is contraband and that judgment must be grounded upon probable cause. The record in this cause reveals that this requirement has not been met."
Shipman v. State, 291 Ala. 484, 282 So.2d 700 (1973).
Furthermore, we agree with Judge Bookout that there were no facts to establish "probable cause" for the search and *Page 927 
seizure of the marihuana under the "exigent circumstances and probable cause" exception, and therefore that exception too must fail.
In view of the result we reach, we need not write to the other issue raised — whether the Court of Criminal Appeals erred in following our case of Brantley v. State, 294 Ala. 344,317 So.2d 345 (1975).
REVERSED AND REMANDED.
HEFLIN, C.J., and FAULKNER, JONES, ALMON, SHORES and EMBRY, JJ., concur.
MADDOX, J., dissents.