Certiorari was granted in this case to consider whether the opinion of the Court of Criminal Appeals is in conflict with an opinion rendered heretofore on the requirement of probable cause. We reverse and remand.
After a thorough review of the record pursuant to Rule 39 (k), ARAP we are unable to adopt without correction the facts of this case as reported in Paschal v. State, 365 So.2d 672
(Ala.Crim.App., 1978). The extended opinion of the court below mistakenly stated that "[t]he description of the suspects and the vehicle was contained in this [radio] broadcast," when, in actuality, the record shows evidence only that the vehicle was described in the radio dispatch. Further, the Court of Criminal Appeals mistakenly added that ". . . at Police Headquarters, the missing watches and rings from Michael's Jewelers were found, along with boxes containing same, in the trunk of appellant's automobile." However, the record shows that only empty plastic ring boxes and pillowcases were recovered from the automobile.
The dispositive issue in this case concerns the warrantless search of the defendant's automobile. In Coolidge v. NewHampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) the Supreme Court of the United States instructed that:
 "`[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions.' . . . `[T]he burden is on those seeking the exemption to show the need for it.' . ."
This Court has embraced this principle. See Kinard v. State,335 So.2d 924 (Ala., 1976). *Page 682 
At trial the defense counsel objected to testimony pertaining to the search of the automobile and the admission into evidence of the fruits of that search on the ground that there was no search warrant. This objection placed upon the State the burden of showing either a warrant or one of the reasonable exceptions to a warrantless search. The Court of Criminal Appeals held that this burden was met by the State when it stated: "Here, as in Daniels [290 Ala. 316, 276 So.2d 441 (1973)], there were exigent circumstances in addition to probable cause, which justified the immediate search of appellant's car." (emphasis added). See Chambers v. Maroney, 339 U.S. 42, 90 S.Ct. 1975,26 L.Ed.2d 419 (1970). We need not discuss both elements of theChambers' exception since petitioner has focused our attention on that of probable cause. The Court of Criminal Appeals found that:
 The officer in this case, acting on the information at hand, had probable cause to believe that the appellant's automobile contained the instrumentalities or fruits of a crime, and therefore was justified in making the warrantless search. . . . (emphasis added)
However, it appears from the opinion of that court that the "information at hand" consisted only of the following evidence:
 Officer Brown testified that he had just received a report concerning the Michael's Jewelry Store robbery earlier that day, and that the automobile's description in the report matched that of appellant's vehicle. . . .
Therefore, in effect, the Court of Criminal Appeals held in the present case that the requirement of probable cause — which is necessary in any search, warrantless or not, see United Statesv. Brennan, 538 F.2d 711 (5th Cir., 1976), was satisfied by the radio dispatch, and the radio dispatch alone. Such a holding, however, is contrary to that Court's earlier decision in Owensv. State, 51 Ala. App. 50, 282 So.2d 402, cert. denied 291 Ala. 794, 282 So.2d 417 (1973).
In Owens, supra, an officer observed a man getting into an automobile near the scene of a burglary. He radioed headquarters with a description of the automobile. An all points bulletin (A.P.B.) was then put out by the radio operator. Law enforcement officers in another town heard the radio report, stopped the automobile and then searched it. The Court of Criminal Appeals held that:
[T]he [arresting] officers at Town Creek could rely
 on the radio broadcast but the subsequent determination by any court as to probable cause must necessarily turn on all the circumstances giving rise to the police dispatch. . . . (emphasis added)
The court went on to find that on the facts of that case there was no probable cause to search the automobile. In the present case there is no evidence of the underlying circumstances which gave rise to the dispatch; there is merely the naked fact that a radio dispatch had described an automobile that fit the description of the defendant's automobile. As Owens clearly shows, this is insufficient to establish probable cause, and therefore the search was unreasonable under Coolidge, Kinard
and Owens. If the law were otherwise, then mere suspicions insufficient to obtain a search warrant, nevertheless could be routed through a radio operator to the field and through that mechanical process gain legal credibility; in fact, if the broadcast were enough in itself to justify a search, as the court below appears to hold, then the State would never need to enter into evidence the suspicions behind the broadcast. As we have shown, that is not the law in this state. Hence, the majority of the Court of Criminal Appeals erred in holding that probable cause was established by the radio dispatch alone.
The case is therefore due to be and is hereby reversed and remanded to the Court of Criminal Appeals with instructions to remand to the trial court for a new trial.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
TORBERT, C.J., and MADDOX, J., dissent. *Page 683