BOOKOUT, Judge.
Robbery; sentence: seventy-five years imprisonment.
The State’s evidence established that the appellant robbed a convenience store in Huntsville at approximately 1:00 a. m. on January 29, 1979.
According to Kevin Smith, an eyewitness outside the store, a man ran from the store and told two companions outside, “Come on, I’ve got it.” The man and his companions fled in a 1972 or 1973 maroon-colored Pontiac Grand Prix which had loud mufflers. Smith gave this information to two detectives who arrived within minutes after the robbery. Katherine Gwathney, the store clerk, gave the detectives a description of the robber. All of this information was immediately put out over police radio.
About ten minutes later the appellant and three companions in a 1973 maroon Grand Prix were apprehended approximately four miles from the scene of the robbery. The vehicle was already stopped when Police Officer Stephen John Hoblit and his partner arrived. Hoblit said the description of the appellant and the car matched the description he had just received by radio. After Hoblit arrived, the occupants were removed from the car, and they and the car were searched. The appellant was transported back to the scene of the robbery where Katherine Gwathey made a positive identification of him as the robber. The identification of the appellant took place within approximately fifteen minutes of the robbery.
Appellant objected to the admission into evidence of the fruits of the search on the ground that no probable cause for the search was shown. The trial court admitted the items into evidence over his objection. At the end of the State’s case in chief, counsel for appellant moved to exclude the State’s evidence for failure to prove a prima facie case and on the further ground that the search and seizure and subsequent identification of appellant were without probable cause. The trial court overruled the motion.
■ There is no question from the above recited facts that a prima facie case of robbery was made out against the appellant. We will only comment on the assertion that there was no probable cause to stop and search the appellant and the vehicle.
Officers may rely upon police radio broadcasts to stop and arrest suspects; however, “the subsequent determination by any court as to probable cause must neces *CCXLIII sarily turn on all the circumstances giving rise to the police dispatch.” Owens v. State, 51 Ala.App. 50, 282 So.2d 402, cert. denied, 291 Ala. 794, 282 So.2d 417 (1973). Police officers are entitled to assume information received over their official radio is supported by probable cause; however, where the contrary turns out to be true, an otherwise illegal arrest cannot be made legal merely because the officer was acting upon a radio dispatch. Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); Paschal v. State, Ala., 365 So.2d 681 (1978).
In the instant case, the description of the robber, the color and make of the automobile, the fact that at least two others were in the car, and the direction in which the car fled were facts given to the police officers by witnesses immediately after the robbery. The officers put out a radio dispatch based upon this information, and it was upon that dispatch that both the appellant and the automobile were searched. We approved an almost identical procedure in Brinnon v. State, Ala.Cr.App., 376 So.2d 769 (1979). The instant facts are likewise similar to those in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). We reach the same result here as in Brinnon and Chambers, supra, that there was ample probable cause to support the search and seizure based upon the police radio dispatch.
We have carefully reviewed the record in light of the appellant’s brief and oral argument before this court, and we find no reversible error.
AFFIRMED.
All the Judges concur.