The defendant was indicted and convicted for theft in the first degree. He was sentenced as an habitual offender to life imprisonment.
This Court has no difficulty in determining that the two St. Clair County Sheriff's deputies were lawfully on the defendant's property on an "investigating mission." Franklin v.State, 357 So.2d 364 (Ala.Cr.App.), cert. denied, 357 So.2d 368
(Ala. 1978). From the record it appears that the deputies had a "legitimate reason for being present" in the precise location where they observed the contents of the Chevrolet whose driver's door was open. Coolidge v. New Hampshire,403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); United States v.Bradshaw, 490 F.2d 1097 (4th Cir. 1974).
Likewise, we have no difficulty in determining that there was probable cause to arrest the defendant. Cook v. State,377 So.2d 162 (Ala.Cr.App. 1979). However, this Court does have serious problems concerning the seizure of several items from the defendant's trailer after the defendant had been arrested.
The evidence shows that the defendant was arrested at the back door of his trailer after being compelled to open the door by Deputy Downing who pried open a window and "stuck" his pistol inside. The two St. Clair County Sheriff's deputies went inside the trailer "with the Jefferson County deputy to serve the (arrest) warrant."
It is generally said that a search may be incidental to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest.Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034,23 L.Ed.2d 685 (1969); Anno. 19 A.L.R.3d 727 (1968). However, a cursory inspection of other parts of the premises or surrounding areas may be made for the purpose of determining *Page 942 
whether there are others present who are possible accomplices of the arrestee, W. LaFave, 2 Search and Seizure, Section 6.4 (b) at p. 424 (1978), or so that the police may ensure their own safety while departing with the arrestee. 2 LaFave, Section 6.4 (c) at p. 427. United States v. Davis, 423 F.2d 974 (5 Cir.), cert. denied, 400 U.S. 836, 91 S.Ct. 74, 27 L.Ed.2d 69
(1970). See also 19 A.L.R.3d 727, Sections 21, 28.
Here, the victim reported seeing two occupants besides the defendant in the black Chevrolet in which the defendant arrived at and fled from the scene of the burglary. The two deputies who were the first to arrive at the residence of the defendant could see "them" inside the trailer, "pulling back the curtains" and "looking at us." Without question then, the officers were justified in making a cursory search of every room in the trailer to discover possible accomplices of the defendant and to ensure their own safety. However, these were the only justifications for any search of the remainder of the trailer other than the area in which the defendant was arrested.
Although it was argued at trial, as it is here, that the television and the jewelry seized in the trailer were in plain view and were seized incident to the defendant's arrest, the error lies in the fact that the State offered no proof that these items were actually found in plain view during the search incident to arrest. See United States v. Woods, 560 F.2d 660
(5th Cir. 1977), cert. denied, 435 U.S. 906, 98 S.Ct. 1452,55 L.Ed.2d 497 (1978). This error is magnified by the fact that both the prosecutor and the trial judge acknowledged this at trial. From the record:
 "THE COURT: Mr. Burttram (District Attorney), what is the response to that? What do you say in regard to the T.V. and items taken out of the house?
"MR. BURTTRAM: They were removed after arrest.
 "MR. FAMBROUGH (Deputy District Attorney): Incidental to the arrest.
 "MR. BURTTRAM: The removal was incidental to a lawful arrest, felony arrest.
 "THE COURT: Make entry into that house without a search warrant?"
* * * * * *
 "MR. FAMBROUGH: Judge, I think the testimony was when the officer put his gun in the back window he told him (defendant) to open the door. He opened the door and the deputies from the Jefferson County and St. Clair County Deputies entered the house to make the arrest.
 "MR. HAMLIN (Defense Counsel): They testified that the objects discovered were in another room.
"THE COURT: They made the arrest at the door?
 "MR. BURTTRAM: They entered the house in the bedroom where they saw the Defendant in the bed in the bedroom.
 "THE COURT: Once they made the arrest in the front door what right would they have to go back in the bedroom where the T.V. was found?
 "MR. FAMBROUGH: That would involve the physical outlay of the trailer. I don't think their testimony of that, but they could see the T.V. and the jewelry box where they consummated the arrest.
"THE COURT: Where were they?
"MR. FAMBROUGH: That could be done at a mobile home.
 "MR. HAMLIN: The testimony was they were in another room of the trailer. The testimony was they were in another room of the trailer.
 "MR. FAMBROUGH: The testimony was they were in another room from the room which the Defendant and this girl were laying in bed.
 "THE COURT: Gentlemen, the law is if they were in there legally without a warrant, and there's any of the described property in plain view, then they would not need a warrant from that point in order to confiscate it, but they would first have to be in that position where it was legally — . . .
 "MR. BURTTRAM: They were in here with a valid warrant, they had already crossed the threshold and was in there arresting him and saw the T.V. *Page 943 
 "MR. HAMLIN: There's no testimony they were in the room where they seized it.
 "MR. BURTTRAM: They didn't have to be in the same room with him and saw it.
 "THE COURT: They had a right to be inside the door and could see it, then it would be sufficient. The evidence is not too clear on that point."
(Emphasis added)
After defense counsel made a short argument that there was no probable cause to arrest the defendant, the trial judge stated:
 "THE COURT: I think you have got enough evidence, but I tell you this as the State of Alabama is concerned. You have failed to make an important point in this case.
"I'm going to overrule your objection just the same."
(Emphasis added)
This Court is a reviewing court and is therefore bound by the record. Although the Attorney General's argument in brief is based on the assumption that the articles seized were in plain view, that fact is not supported by the record. An appellate court cannot consider contentions in a brief not supported by the record on appeal. Edwards v. State, 287 Ala. 588,253 So.2d 513 (1971). Here the prosecutor's argument to the trial court is simply not sustained by the evidence. Likewise, the evidence does not sustain the finding of the trial judge.
Where there is a proper objection to the admission of the fruits of a search, the burden is on the State to show that the intrusion and seizure were lawful. McDaniel v. State,54 Ala. App. 314, 307 So.2d 710, cert. denied, 293 Ala. 765,307 So.2d 712 (1974). The State did not sustain its burden in this case by proving that the objects seized in the defendant's residence were lawfully seized. The judgment of the Circuit Court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.