I would reverse the judgment of the Court of Criminal Appeals. I have reviewed the case against the backdrop of the latest United States Supreme Court decisions dealing with the "exclusionary rule." As I read these decisions, the Supreme Court has now applied a "totality of the circumstances" test to searches and seizures, and has, in effect, overruled the strict requirements of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509,12 L.Ed.2d 723 (1964), and Spinelli v. United States,393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1968). The Court of Criminal Appeals relies upon this Court's case of Paschal v. State,365 So.2d 681 (Ala. 1978), and, although I dissented in Paschal, and it would appear that I am just adhering to the views I expressed in my dissent, that is not the case. I firmly believe that the Supreme Court has modified the "exclusionary rule." My reasoning is based upon the decision of the Supreme Court inIllinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527
(1983). Consequently, I believe each of the cases cited by the Court of Criminal Appeals, including our own, are not sound authority today, especially in view of the rule announced inIllinois v. Gates. I realize that Illinois v. Gates involved a warrant, as opposed to a warrantless search, as here, but I am of the opinion that the "totality of the circumstances" rule announced in Illinois v. Gates and the "good faith" exception set forth in United States v. Leon, 468 U.S. 897,104 S.Ct. 3430, 82 L.Ed.2d 702 (1984), especially in view of the "automobile exception" to the warrant requirement set forth inCarroll v. United States, 267 U.S. 132, 45 S.Ct. 280,69 L.Ed. 543 (1929), apply to the facts here. In Illinois v. Gates,462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), Justice Stevens dissented as to the search of the house, but concurred in the holding that the search of the automobile there was justified.
I believe that police officers who conduct an investigation into alleged illegal activity as a result of a radio bulletin should not have evidence obtained as a result of that investigation excluded unless the officers, based on a "totality of the circumstances," are found not to have acted in "good faith." In other words, applying the principles of Terryv. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968),Carroll v. United States, supra, Illinois v. Gates, supra, andUnited States v. Leon, 468 U.S. 897, 104 S.Ct. 3430,82 L.Ed.2d 702 (1984), I believe that the officers were justified in doing what they did, and that our Paschal case, even if correct initially, although I do not think so, should no longer be followed.
Mr. Justice Black, dissenting in Whiteley v. Warden,401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), stated:
 "With all respect to my Brethren who agree to the judgment and opinion of the Court, I am constrained to say that I believe the decision here is a gross and wholly indefensible miscarriage of justice. For this reason it may well be classified as one of those calculated to make many good people believe our Court actually enjoys frustrating justice by unnecessarily turning professional criminals loose to prey upon society with impunity." 401 U.S. at 570, 91 S.Ct. at 1038.
Justice Black also wrote:
 "It surely cannot be said that when a sheriff, with his prestige and standing, and bond against civil suit, communicates an emergency message to arrest men in cars as burglars, a policeman must stand supinely by while two people denounced *Page 723 
as burglars go along their way. Of course these policemen had enough information from the sheriff to have probable cause to arrest petitioner." 401 U.S. at 573, 91 S.Ct. at 1039.
I would at least remand the case to the Court of Criminal Appeals for consideration of it in light of Illinois v. Gates.
While I am aware that an "informant" might give police false information, and that the possibility exists that an innocent person could be framed by an "informant," I cannot assume that citizens will violate the law, which prohibits false reporting to law enforcement officers (Code 1975, § 13A-10-9). Nor do I believe that the result I would reach in this case would cause an unconstitutional intrusion upon the lives of citizens by police officers, who are presumed, at law, to do their duty. If police officers fail to follow the law in any particular case, then the courts are empowered to exclude any evidence which the police obtain by their illegal conduct.
Because I believe that the majority opinion fails to follow the more recent interpretation of the "exclusionary rule" by the United States Supreme Court, I must respectfully dissent.
TORBERT, C.J., and STEAGALL, J., concur.