I concur in the result reached in this case, because the reason stated by the Court of Criminal Appeals for the application of the "exigent circumstances" exception to the warrant requirement is insufficient to justify its application.
I have not gone to the record to determine whether the photographs introduced into evidence over the defendant's objection were of scenes or articles which were in "plain view."
The majority opinion states the following:
 "During this search, evidence was seized and photographs taken of the interior of the premises. In its statement of the facts, however, the Court of Criminal Appeals does not describe the evidence seized, nor does it describe specifically the subjects of the photographs. Furthermore, even though the State argued in its brief to the Court of Criminal Appeals that '[t]he evidence objected to was in plain view when the police officers arrived at the Usrey residence to investigate the shooting,' that court does not give any explanation whatsoever as to whether the State proved at trial that the evidence seized or photographed, and admitted over defendant's objection, was found in plain view. Under the decision *Page 741 
of the Court of Criminal Appeals in Teat v. State, 409 So.2d 940 (Ala.Crim.App. 1981), there must be evidence in the record that the evidence seized, literally or by a photograph, was in plain view." (Emphasis original.)
Defendant, on application for rehearing, filed a motion with the Court of Criminal Appeals styled "Motion to Add Statement of Facts" in which she asked that court to include some additional facts in the opinion, (see Rule 39(k), Ala.R.App.P.) but she did not request that court to statespecifically what the photographs depicted, nor did she make reference to the pages of the transcript or to exhibits which would have shown that the photographs were of articles or scenes not in "plain view." As the opinion points out, the State argued before the Court of Criminal Appeals that "[t]he evidence objected to was in plain view when the police officers arrived at the Usrey residence to investigate the shooting." If this statement is correct, then the warrantless search was justified, in my opinion. If not, then the State must justify its warrantless search in view of the law as stated in Minceyv. Arizona, 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed. 290 (1978), and Thompson v. Louisiana, 469 U.S. 17, 105 S.Ct. 409,83 L.Ed.2d 246 (1984).
Although I believe that the defendant has failed to comply with the technical requirements of Rule 39(k), I believe that justice requires the reversal of this case on the ground stated, especially in view of the fact that the Court of Criminal Appeals, in its extended opinion on application for rehearing, states that "there was strong evidence to the effect that the conduct of defendant in causing the death of her husband was in self-defense." This case should be decided on whether the photographs were of things in "plain view," as the State contended, not on whether there was technical compliance with the provisions of Rule 39(k). Rule 1, Ala.R.App.P.
TORBERT, C.J., concurs.