276 So.2d 438

**James B. DANIELS**

v.

**STATE.**

**3 Div. 135.**

Court of Criminal Appeals of Alabama.

Sept. 12, 1972.

Rehearing Denied Oct. 24, 1972.

Jones, Murray, Stewart & Yarbrough, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for the State.

PER CURIAM.

The appellant was charged, tried, and convicted of possession of marijuana and sentenced to eight years in the penitentiary.

In his argument for reversal, the appellant urges upon the court two errors allegedly committed by the lower court. First,

the admission of evidence seized in the search of the automobile of another defendant, Henry Thomas Floks, and, second, that the witness for the State, Ramona Hicks, was an accomplice and there was no corroborating evidence connecting the appellant with the crime charged.

A brief statement of the evidence is appropriate to the decision of these issues. Two motorcycle policemen observed a car driving at a rate of speed slightly in excess of the speed limit on the Southern Bypass around Montgomery, and saw the car run a caution light. The policemen immediately followed the car and further observed it turn left from a wrong traffic lane on the turn-off to the Selma Highway. While following, they noticed the car had a New York license tag, which fact they reported to police headquarters for a check to determine if it had been reported stolen through NCIC, a national police radio hookup where such information is available. Shortly after the wrong turn above referred to the officers overtook the car and had it pull over and stop on the side of the highway where they had the driver get out and placed him under arrest for the traffic violation. He came to the back of the car at the request of one of the officers so they might be further out of the lane of traffic. At approximately this time, information came over the police radio that the car, a taxicab, had been reported stolen (although this later proved to be false, by reason of a mistake in the tag number in question) and the driver, Floks, was placed under arrest on a charge of larceny or like offense. When the officer approached the car in which the appellant was riding in the back seat immediately behind the driver, the appellant was observed to toss or pitch a kleenex box over his shoulder onto the back ledge of the car, just in front of the rear glass. The officer reached into the car, grasped the kleenex box and took it out of the car. Upon examination it appeared there was some marijuana on the bottom of the box, not visible until some of the sheets of kleenex were removed. The

appellant had said or done nothing else during the proceedings there at the car when it was stopped. Sitting next to appellant was Ramona Hicks, a witness for the State, and also a defendant in a case charging her with having heroin in her purse. She testified, among other things, that the appellant had marijuana on him and had been using drugs, but she did not see any marijuana in the kleenex box seized by the officer.

There were others in the car but further evidence need not be set out here. Floks was presumably exonerated of the stolen car offense but Ramona Hicks appears to have been indicted for possession of heroin.

A motion to suppress the evidence as to the search and seizure of the evidence of the drug found in the car, on the ground that the search was illegal and violated appellant's constitutional rights, etc., was heard by the court out of the presence of the jury on the evidence offered and overruled. The evidence was again offered on the trial of the case on the merits and proper objection of appellant overruled by the court.

The right to search must be based on probable cause; otherwise, the search would be in violation of the Constitution of the United States and Article 1, Section 5, of the Constitution of Alabama, 1901, which protects against unreasonable searches and seizures. This is a question which must be determined by the facts of each particular case, whether the automobile is searched with or without a search warrant. Mayes v. State, 47 Ala.App. 672, 260 So.2d 403; Mapp v. Ohio, 367 U. S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081; McCurdy v. State, 42 Ala.App. 646, 176 So.2d 53. Also see cases collected under Searches and Seizures, Alabama Digest, Vol. 17A, ☞3 et seq.

The cases of Sheridan v. State, 43 Ala. App. 239, 187 So.2d 294 and York v. State, 43 Ala.App. 54, 179 So.2d 330, lay down

the requisites of a lawful search of an automobile without a warrant when there is imminency of escape or loss of evidence but also require the existence of probable cause.

In *McCurdy,* supra, where the driver abandoned the car after a chase by officers, the court held that a search of the car without a warrant was based upon mere suspicion and was exploratory and that no probable cause existed upon which to base a lawful search.

We must bear in mind that in the case at bar the car was being driven by Floks and from the evidence the appellant was a mere passenger with no control over it. Floks had been arrested and at the time of the search was in custody and standing at the rear of the car with the two officers. The search could not be justified as incidental to the arrest of Floks, or for the discovery of weapons on him.

The search and discovery of the kleenex box and its contents, resulting in the charge against appellant, was based upon the suspicion aroused in the officer who saw appellant pitch it back over his shoulder. The marijuana was not in plain view. In our opinion the suspicious action of the appellant did not amount to probable cause for the search. Therefore, the overruling of the motion to suppress and later the admission of this evidence was error to reverse. Authorities, supra; Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685; Neal v. State, 47 Ala.App. 68, 250 So.2d 605. This position has been further upheld in the case of Neal v. State, 47 Ala.App. 68, 250 So.2d 605, which reads in pertinent part as follows:

"In Amador-Gonzalez v. United States, 391 F.2d 308 ([5 Cir.] 1968) the court said:

" 'A search incident to an arrest must have as one or more of its purposes the discovery of (1) the fruits of the crime; (2) instrumentalities used to commit the crime; (3) weapons or like material which put the arresting officer in danger or might facilitate escape; (4) contra-band, the possession of which is a crime * * * and, by a recent decision, (5) material which constitutes evidence of the crime or evidence that the person has committed it. * * * Purposes 4 and 5 * * * require probable cause as a predicate for search.' "

■ We are not in agreement with the insistence of appellant that State witness Ramona Hicks was an accomplice of appellant and that since there was no legal evidence corroborating her testimony as to the guilt of the appellant the court should have given the affirmative charge requested by him. Tit. 15, § 307, Code 1940, recompiled, 1958.

"The classic test of determining whether the witness is an accomplice is: Could he have been indicted and convicted of the offense charged, either as principal or accessory. Doss v. State, 220 Ala. 30, 123 So. 231, 68 A.L.R. 712." Leonard v. State, 43 Ala.App. 454, 192 So.2d 461.

Under the evidence in the case at bar there was no joint participation in the crime, with which appellant was charged, between him and witness Hicks. Merely riding in a car together, even though one may have had heroin and the other marijuana, without more, does not show such community of interest as would be necessary to create the relationship of accomplice. The facts in Gann v. State, 21 Ala. App. 347, 108 So. 269, were in our opinion stronger for the State than those in the case before us and the court held the witnesses testifying for the State not to be accomplices.

In *Leonard,* supra, the court held there must be some complicity in the perpetration of the crime by the witness to constitute him an accomplice.

We find no error in the record other than that heretofore indicated for which this case must be reversed.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit

Judge, and adopted by this court as its opinion.

Reversed and remanded.

CATES, P. J., and ALMON and TYSON, JJ., concur.

DeCARLO, J., dissents.

HARRIS, J., recuses self.