276 So.2d 441

In re James B. DANIELS

v.

STATE of Alabama.

Ex parte STATE of Alabama ex rel.
ATTORNEY GENERAL.

SC 171.

Supreme Court of Alabama.

April 5, 1973.

William J. Baxley, Atty. Gen., and Don C. Dickert, Asst. Atty. Gen., for petitioner.

Jones, Murray, Stewart & Yarbrough, Montgomery, for respondent.

BLOODWORTH, Justice.

The petition of the State of Alabama for a writ of certiorari to review the decision of the Court of Criminal Appeals [1972] 50 Ala.App. 11, 276 So.2d 438, was granted on the ground that the petition presented a material question of first impression in Alabama.

The Court of Criminal Appeals reversed the defendant's conviction for possession of marijuana. The facts of the case disclosed by that court's opinion are as follows.

Two motorcycle policemen, while following a taxicab, bearing a New York State license tag, driving slightly in excess of the speed limit, saw it run a caution light, then turn from the wrong lane of the Southern By-Pass onto the turn-off to the Selma Highway. The officers radioed in for a check to determine if the cab was stolen. They overtook, and stopped the vehicle, asked the driver to the rear (to avoid oncoming traffic) and arrested him for the traffic violations. At that time, the police radio reported that the vehicle was stolen. The driver was then also arrested for grand larceny. As one officer approached the taxi (in which four persons were passengers), defendant, a passenger in the back seat to the rear of the driver, was observed to toss a Kleenex box over his shoulder onto the ledge back of the seat. The officer reached in, grabbed the Kleenex box, took it out and after removing the top sheets, found marijuana. Defendant was arrested for possession thereof. It later appeared, by reason of a mistake in the tag number, the taxi was not stolen. It does not appear who made the mistake. (The officer stated at trial that he was looking for weapons and testified that he had previously discovered weapons hidden in Kleenex boxes.)

In the Court of Criminal Appeals' per curiam opinion (authored by Honorable W. J. Haralson, Supernumerary Circuit Judge), which opinion was concurred in by three Judges, one judge dissenting and another judge recusing himself, it was held:

1. That "[t]he search could not be justified as incidental to the arrest of Floks

[the driver of the car], or for the discovery of weapons on him;"

2. That the marijuana "was not in plain view;" and,

3. That "the suspicious action of the appellant did not amount to probable cause for the search."

Since the officers conducted a "warrantless" search, it cannot, of course, be upheld as valid unless it falls within one of the exceptions to the rule that a search must be conducted pursuant to a valid search warrant.

■ Notwithstanding the United States Supreme Court's assertion that its cases on the subject of the extent of a search which may be made without a warrant following a lawful arrest "cannot be satisfactory reconciled,"[1] it now seems to be fairly well established that there are at least six exceptions under which warrantless searches have been held valid, viz:

(1) In "plain view," see Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971);

(2) With "consent" voluntarily, intelligently and knowingly given, see Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968) and Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L. Ed. 1461 (1938);

(3) As "incident to a lawful arrest," see Abel v. United States, 362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959);

(4) In "hot pursuit" or "emergency" situations, see Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1947); State v. Sutton, (Mo.1970) 454 S.W.2d 481;

(5) Where "exigent circumstances" exist coincidental with "probable cause" (as in the case of movables), see Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L. Ed.2d 419 (1970)[2]; and,

(6) In "stop and frisk" situations, see Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed. 889 (1968).

The justification for these exceptions is shown in the following comments from United States v. Humphrey, 409 F.2d 1055 (10th Cir. 1969):

"* * * Notably, these exceptions are not based on anything inherent in the exception itself but result from the inductive case by case application of the constitutional standard of reasonableness. Thus these exceptions are traditionally justified by the need to protect the arresting officers, prevent escape, collect instrumentalities or fruits of the crime (and now evidence, Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 87 S. Ct. 1642, 18 L.Ed.2d 782 (1967)), and prevent delay which might otherwise permit the criminal to escape or commit his crime. See Harris v. United States, supra [331 U.S. 145, 67 S.Ct. 1098, 91 L.Ed. 1339], Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409 (1925) and Brinegar v. United States, supra [338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879]. * * *"

It must be concluded that the Court of Criminal Appeals was not correct in its holding that the search in this case was not valid as "incidental to the arrest of Floks," although its holding was correct that the search was not valid for the "discovery of weapons on him." Of course, the marijuana was not in "plain view." The search was valid either as incident to the arrest of the driver, Floks, or under exception (5), probable cause to search the reportedly stolen vehicle.

---

I. Abel v. United States, 362 U.S. 217, 235, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960), reh. den. 362 U.S. 984, 80 S.Ct. 1056, 4 L.Ed.2d 1019.

2. See Anno "Validity, Under Federal Constitution of Warrantless Search of Automobile—Supreme Court Cases," 26 L.Ed. 2d beginning at page 893.

In Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), the United States Supreme Court articulated the reason for exception (5):

" * * * Carroll [v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543], supra, holds a search warrant unnecessary where there is probable cause to search an automobile stopped on the highway; that car is movable, the occupants are alerted, and the car's contents may never be found again if a warrant must be obtained. Hence an immediate search is constitutionally permissible."

■ Here, there were "exigent circumstances," in addition to probable cause, which justified the immediate search of the vehicle. There were four passengers remaining in the automobile after Floks was arrested, and the vehicle was certainly mobile. Presumably, any one or more could leave the vehicle, taking the Kleenex box and any other removable items with them. Thus, the "exigent circumstances" requirement has been met.

In Terry v. Ohio, supra, the Supreme Court of the United States stated the test for "probable cause" to be:

" * * * would the facts available to the officer at the moment of the seizure or the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate? * * * "

In People v. Smith, 62 Misc.2d 473, 308 N.Y.S.2d 909, 913 (1970), the New York Court wrote that:

" * * * Probable cause requires no more than 'a reasonable ground for belief of guilt' (Carroll v. United States, 267 U.S. 132, 161, 45 S.Ct. 280, 288, 69 L.Ed. 543). 'In dealing with probable cause * * * as the very name implies, we deal with probabilities. These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act' (Brinegar v. United States, supra, 338 U.S. at 175, 69 S.Ct. at 1310 [93 L.Ed. 1879]; also see, Husty v. United States, 282 U.S. 694, 700–701, 51 S.Ct. 240, 75 L.Ed. 629; Carroll v. United States, supra, 267 U.S. at 162, 45 S.Ct. 280). Therefore, it is not required that evidence to sustain an arrest without a warrant should 'suffice to convict' (Wong Sun v. United States, 371 U.S. 471, 479, 83 S.Ct. 407, 9 L.Ed. 2d 441; also see United States v. Ventresca, 380 U.S. 102, 107, 85 S.Ct. 741, 13 L.Ed.2d 684), *nor even to make a prima facie showing of criminal activity* (Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 21 L.Ed.2d 637)." (Emphasis supplied)

In People v. Smith, supra, the defendant was stopped for speeding and produced a New York State chauffeur's license which did not have a photograph attached as required by law. Defendant was unable to give the officers his first name, was unable to answer questions concerning his address, and was unable to produce the car registration, telling the officers to look for it among some papers in the trunk. As one of the officers examined these papers, defendant entered the car. The officer, finding no registration for the car, followed the defendant. As the officer came to the door on the driver's side, the defendant abruptly pulled his right hand back from the glove compartment and his left hand from below the seat. Defendant then stepped out of the car, pushed a piece of paper into the officer's hand, and moved rapidly past the officer to the other officer. The paper which defendant handed the officer was a registration for the plates on the automobile, but it had been issued for another vehicle. A brown paper bag was then observed by the officer, partially under the driver's seat. This bag was searched by the officer and heroin was found and seized therein.

The New York court held, viz:

"Thus, the seizure by the police officer of the brown paper bag was reasonable and justifiable. It was merely incident to, and contemporaneous with, the arrest of defendant upon probable cause that he possessed a stolen automobile. *That such charge was not subsequently lodged against defendant, or that it could not successfully be maintained*—for many reasons other than lack of criminality, such as the death of the owner or inability to locate him—*is of no import.* The vital factor is that in the circumstances a 'reasonably discreet and prudent man' would be justified in believing defendant was operating a stolen automobile." (Emphasis supplied)

The defendant's conviction for possession of heroin was upheld.

In United States v. Humphrey, supra, two officers of the Oklahoma City Police Department stopped an automobile bearing out-of-state license plates for violation of a traffic ordinance. As the auto came to a stop, the officers observed a passenger in the right front seat make a "furtive" motion as if he were putting something under the seat. The driver of the auto was searched by one of the officers, after producing his driver's license. This search disclosed several money orders, which were not in the driver's name. The other officer frisked the two passengers and, finding nothing, asked them to step to the rear of the car. He then searched under the front seat of the car and found two revolvers. The two passengers were then arrested for possession of firearms in violation of a city ordinance. The driver was arrested for the traffic violation.

Chief Judge Murrah, author of the opinion for the Court of Appeals for the 10th Circuit, in upholding the conviction of Humphrey, one of the passengers, for interstate transportation of firearms (in a joint appeal by the driver and the passenger), wrote:

" * * * we think the search of the car was reasonable and, therefore, valid. The officers were faced with suspicious money orders and the previously noted movements by Appellant Mickens [the driver]. The balancing process is, as always, close and the allegedly 'furtive' movements alone establish nothing. But we think the suspicious money orders in light of these movements gave the officers probable cause to respond to the observed motions and look under the seat of the car. The first revolver being found, further search under the seat was proper. As objective evidence of the reasonableness of the scope of the search, it is significant that no general search of the vehicle was made, * * *."

Although the Court of Criminal Appeals' opinion in the instant case indicates that the report of the taxicab's having been stolen was later found to be erroneous, this report constituted sufficient probable cause to justify the officers in conducting the search and seizing the contraband. Certainly, officers are warranted in searching a stolen vehicle or articles situated therein for an instrumentality used to commit the crime, such as a "hot wire," duplicate keys, etc. and to seize "fruits of the crime," such as registration papers, documents of title, gas tickets, etc., either belonging to the true owner or connecting the driver or others with the commission of the offense of stealing the vehicle. United States v. Jackson, 429 F.2d 1368 (7th Cir. 1970), (*Jackson* was authored by retired United States Supreme Court Justice Tom C. Clark, sitting by special designation).

In *Jackson*, officers of the Chicago Police Department noticed a car driven by the defendant had only a rear license plate

and that the license number differed in only one digit from a license number on their daily stolen car list. Defendant was stopped, and the officers radioed headquarters for information regarding defendant's license number. Defendant could produce no valid driver's license. A search of his person disclosed $400 in cash. Defendant was placed under arrest as he could not locate the title paper which would identify him as the owner of the vehicle. As the defendant was getting into the police car, the officers received a radio report that the license number on defendant's car was not registered to that car. A search was then made of the car which revealed, among other contraband, a counterfeit refund check from an airline. Defendant was indicted for interstate transportation of the counterfeit refund check. The court held:

"* * * In this case appellant does not attack his arrest; given probable cause for it the search of the car on the spot was permissible. Certainly after the police radio reported that the single license plate was spurious there was even more reason for the officers to search appellant's car. * * * The search of the car was compelling under the circumstances and was fully justified not only to find any instruments of the indicated crime but also any evidence pertaining to a crime, such as title papers, ownership, use and possession of the car."

The rationale and conclusions reached in these three cases are most persuasive in the case at bar. Factually, they are very close to the instant case.[3]

■■ With respect to "probable cause," the police had a report from the National Crime Information Center that the vehicle was stolen. This supplied the probable cause to arrest Floks, the driver. Additionally, there was the "furtive" action of the defendant. Hence, there was sufficient probable cause to conduct the search of the taxicab.

What then of the fact that the report appears to have been false? The case of Hill v. California, 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971), supplies the answer. There, the United States Supreme Court held:

"The police had neither an arrest nor a search warrant. After arresting the man who answered the door, they asked him whether he was Hill and where the guns and stolen goods were. The arrestee replied that he was not Hill, that his name was Miller, that it was Hill's apartment and that he was waiting for Hill.

"* * *

"Based on our own examination of the record, we find no reason to disturb either the findings of the California courts that the police had probable cause to arrest Hill and that the arresting officers had a reasonable, good faith belief that the arrestee Miller was in fact Hill, or the conclusion that '[w]hen the police have probable cause to arrest one party, and when they reasonably mistake a second party for the first party, then the arrest of the second party is a valid arrest.'

"* * *

"* * * *The upshot was that the officers in good faith believed Miller was Hill and arrested him. They were quite wrong as it turned out,* and subjective goodfaith belief would not in itself justify either the arrest or the subsequent search. *But sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment* and on the record before us the officers' mistake was understandable and the ar-

3. For other cases, see Anno "Search and Seizure: 'Furtive' Movement or Gesture As Justifying Police Search," 45 ALR 3d 581.

rest a reasonable response to the situation facing them at the time.

" * * *

" * * * Here there was probable cause to arrest Hill and the police arrested Miller in Hill's apartment, reasonably believing him to be Hill. In these circumstances the police were entitled to do what the law would have allowed them to do if Miller had in fact been Hill, that is, to search incident to arrest and to seize evidence of the crime the police had probable cause to believe Hill had committed. *When judged in accordance with 'the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act,'* Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949), *the arrest and subsequent search was reasonable and valid under the Fourth Amendment.*" (Emphasis ours)

Here, the officers believed, in good faith (by reason of the radio report), that the taxi was stolen. As stated in *Hill,* supra, "sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment."

In this court's most recent case in the area of search and seizure, In re McArthur Bassett v. State of Alabama, [1973] (Per Maddox, J.) 290 Ala. 259, 275 So.2d 720, illegal drugs discovered and seized in a warrantless search of an automobile at the station house were held admissible, because the officers had probable cause to make the search of the vehicle for fruits of a robbery. The car was stopped because the occupants purportedly met the description of the robbers, although, as it turned out, they were not, in fact, the robbers. This court followed the United States Supreme Court case of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L. Ed.2d 419 (1970). This court agreed with the Court of Criminal Appeals that there was "probable cause" to make the search, even though it later turned out that probable cause did not exist, because the two occupants were found not to be the robbers.

In the instant case, an almost identical situation exists where the officers had probable cause to believe at the time of the search and seizure that the automobile was stolen, because they had received a report to that effect from the National Crime Information Center relayed via police radio network. The fact that the auto was not in fact stolen, as later appears to be the case, should not render the search invalid. *Hill,* supra, is directly in point in this regard. The opinion does not reflect who made the mistake in the tag number or how the mistake was made. Clearly, at the time the officers had probable cause to believe that the auto was in fact stolen.

This being so, it appears that the search of the Kleenex box by the officer was a "reasonable response to the situation facing them at the time." Hill v. California, supra. The officers had a right to search the auto for weapons, for instrumentalities used to commit the crime, or for fruits of the crime. The officers in this case were not searching the car for drugs, but were conducting a limited search of the nature just described. Of course, the fact that they were not searching for marijuana, which was found, does not mean that the marijuana could not be seized and used as evidence against the defendant at his trial for possession of marijuana. Abel v. United States, supra.

This court holds, therefore, that the search and seizure was valid and that the defendant's Fourth Amendment rights were not violated. It follows that the judgment of the Court of Criminal Appeals is due to be reversed and the cause remanded.

Reversed and remanded.

All Justices concur.