BOWEN, Judge.
The defendant was charged by complaint with the misdemeanor offense of possession of marijuana. He was found guilty in the District Court. The defendant appealed to the Circuit Court where he was tried on a stipulation of facts before a judge without a jury and found guilty. The court assessed a fine of one hundred dollars and court costs.
The only issue involved is whether the officers had probable cause to search the defendant’s lunch box in the trunk of an automobile in which he was a passenger. The record is totally devoid of any facts *943 which would support a finding of probable cause.
Even under Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), the defendant had standing to challenge the search of his lunch box. The search was not within one of the exceptions stated in Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973). The facts do not pass the two tests of Aquilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Hatton v. State, 359 So.2d 822 (Ala.Cr.App.1977), cert. quashed, 359 So.2d 832 (Ala.1978).
Because of the total failure of the State to produce any facts which would support a finding of probable cause we will not lengthen this opinion with a statement of the facts that were shown. If any case deserves to be reversed without opinion it is this one.
REVERSED AND REMANDED.
All Judges concur.