LEIGH M. CLARK, Retired Circuit Judge.
This is an appeal from a judgment of conviction of theft of property in the second degree, as defined by §§ 13A-8-2 and 13A-8 4 of the Alabama Criminal Code, and a sentence to imprisonment for five years. By § 13A-8-4(b) theft of property in the second degree is a Class C felony; by § 13A-5-6(a)(3) the punishment prescribed for a Class C felony is “not more than 10 years or less than 1 year and 1 day.”
The property involved was “eight automobile tires of the aggregate value of One Thousand Dollars, the property of East Texas Motor Freight Lines, Inc., a corporation.”
Soon after the selection of the jury and before any testimony was taken, the court conducted a hearing, out of the presence of the jury, of an oral motion by defendant “that any testimony made concerning the tires being located inside the house of tires in question on 1630 30th Street North, 30th Avenue North, be suppressed.” The court overruled the motion by stating:
“Overruled. There is evidence they were in hot pursuit. There is evidence they thought they were invited into the house.”
The only evidence offered on the hearing of the motion to suppress consisted of the testimony of the defendant and Officer De-wight Hackbarth.
According to the testimony of defendant, he was sitting in an automobile on the early morning of February 20,1980, at the side of his mother’s house, which by the undisputed testimony of Officer Hackbarth was at 1630 Thirtieth Avenue, North, at the time officers came to the house, went in the house and thereafter arrested him.
According to the testimony of Officer Hackbarth on the hearing of the motion to suppress, he and another officer had the house under surveillance on the early morn *445 ing of February 20, 1980. His testimony was in part as follows:
“. . . [W]hen we first arrived on the scene, we had had a call — we had had a reliable informant inform us around the first of this year that there was going to be some tires stolen during the night. Okay. It was early in the morning around — somewhere near daylight around breakfast time, or whatever, right before getting off time. And we got a call on people unloading tires out of a car in a house. And we pulled up on the scene— we had parked about a half a block away and observed—
“THE COURT: At this house?
“THE WITNESS: Yes, sir. We had observed the defendant and several other black males unloading tires out of a car.
“THE COURT: You saw the defendant?
“THE WITNESS: Yes, sir. Unloading tires out of a car and putting them on the porch. Soloman [defendant’s brother] was rolling them into the house.
“THE COURT: And the defendant was helping him take them out of the car?
“THE WITNESS: Yes, sir. Well, the defendant and these other black males got into two vehicles and was fixing to leave the scene. We had reported two other cars that were standing by in the area to converge on them. Well, as everybody converged Soloman rolled one last tire in the house and slammed the door shut. Well, we grabbed everybody that was on the street and the vehicle. We knocked on the door. Soloman answered the door, which we was going to place him under arrest and we wanted to make sure the tires were still inside and didn’t go out the back door. We started to walk through the house looking for the tires and as soon as we observed the tires, we placed him under arrest.
“THE COURT: Placed Soloman?
“THE WITNESS: Yes, sir. And then—
“Q. Did he say that you could walk through the house?
“A. He invited us into the house and we told him we were looking for some stolen merchandise at the time.
“MR. BONDREAUX: I believe he’s already testified that once they were inside the house they saw the tires in the back—
“THE COURT: Yes. You say you saw them in the back of the house?
“THE WITNESS: Yes, sir.
“THE COURT: As soon as you got in the house?
“THE WITNESS: It wasn’t just directly when we first walked in. When we first walked in we were slowly walking through the house and we observed the tires. And as soon as we observed them, then we placed him under arrest.”
The undisputed evidence introduced in the presence of the jury was that earlier the same morning the tires that were found in the house had been surreptitiously taken from East Texas Motor Freight Lines in Jefferson County. After his arrest, the defendant made a statement in which he said “that he and three other men went into East Texas Motor Freight’s property through a hole in the fence and took eight tires, eight truck tires and a carton of gowns, they took the tires from a trailer and the gowns from a loading dock.” The admissibility in evidence of the statement is not challenged on appeal.
When the State closed its case, the defendant also rested.
As indicated by the trial court, the officers entered the house with the consent of the person who was apparently in charge of the house at the time. They were visible to the officers while they were in that part of the house to which they had been given permission to enter.
The circumstances as a whole, we think, were sufficient to give the officers probable cause for believing that the people, including the defendant, who were moving the six truck tires from a vehicle into the house were in the process of consummating theft of the tires. The entry of the officers into the house was in hot pursuit of at least one of the suspected felons and of the fruits of the suspected theft. The trial court was correct in overruling defendant’s motion to suppress evidence as to the allegedly stolen *446 tires found in the house. Warden, Maryland Penitentiary v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967); Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973).
Our search of the record reveals no error prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur.