I concur in that portion of the opinion which reverses the judgment of the Court of Criminal Appeals as to defendant Calhoun, but I must respectfully dissent from that portion of the opinion which affirms the Court of Criminal Appeals' judgment as to defendant Schartau.
I am of the opinion, based upon the information available to the officers, that they had a sufficient basis to suspect both Calhoun *Page 817 
and Schartau of criminal activity. It is uncontradicted that Calhoun was with Schartau and was driving Schartau's car. The facts, as stated in the opinion of the Court of Criminal Appeals and as supplemented by the State, as authorized by Rule 39(k), Ala.R.App.P., show that the officers had reasonable cause to believe that Calhoun and Schartau acted in concert and were equally implicated. Code 1975, § 13A-2-23 and § 13A-4-3. The Court of Criminal Appeals, in fact, concluded that when the officers approached the automobile, they had "a 'particularized and objective basis' for suspecting Schartau of criminal activity." Also, both the trial court and the Court of Criminal Appeals agreed that the officers had reasonable suspicion in this case. In fact, the trial court described the suspicion as "strong." As the Court of Criminal Appeals also recognized, such suspicion justified the officers' asking both Calhoun and Schartau to get out of the car, citing Adams v. Williams,407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).
The standard required for police officers to stop a citizen for a short time under Terry is "a reasonable suspicion, based on objective facts, that the individual is involved in criminal activity." Brown v. Texas, 443 U.S. 47, 51, 99 S.Ct. 2637,2640, 61 L.Ed.2d 357 (1979); see also Delaware v. Prouse,440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); United Statesv. Brignoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574,45 L.Ed.2d 607 (1975); Worthy v. State, 473 So.2d 634 (Ala.Crim.App. 1985); Atchley v. State, 393 So.2d 1034 (Ala.Crim.App. 1981).
I am of the opinion that the arresting officers, based upon the information available to them, had reasonable suspicion to believe that both of the defendants were engaged in criminal activity, and, therefore, had authority to ask them to get out of the car, Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921,32 L.Ed.2d 612 (1972), and that, based on the "totality of circumstances," the officers had probable cause to seize the contraband without first procuring a warrant. Cf. Illinois v.Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). See also, Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973), where the defendant was convicted of possessing marijuana and this Court, Bloodworth, J., held that where officers had stopped a vehicle and arrested the driver for traffic violations, and at that time the police officers had a police report that the vehicle was stolen, and because, as one of the officers approached the vehicle, the defendant, a passenger in the back seat and behind the driver, was observed to toss a Kleenex box over his shoulder onto the ledge in back of the seat, there was sufficient probable cause to conduct a search of the vehicle.
Based on the foregoing, therefore, I would reverse the judgment of the Court of Criminal Appeals and remand the cause to that court. Consequently, I concur in part and dissent in part.
STEAGALL, J., concurs.