McMILLAN, Judge.
The appellant was indicted on two counts of unlawful possession of marijuana, in violation of § 13A-12-213(a)(1), (2), Code of Alabama 1975. Thereafter, the first count of the indictment was amended in order to charge the appellant with the unlawful possession of marijuana for personal use only, in violation of § 13A-12-214, Code of Alabama 1975. A hearing was held on the appellant’s motion to suppress certain evidence which had been obtained as a result of the search and seizure of a sailboat. The motion to suppress was denied by the trial court, and the appellant entered a guilty plea to the amended charge, reserving his right to appeal the trial court’s denial of his motion to suppress. The appellant was sentenced to one year in the county jail, with that sentence suspended. He was placed on two years of unsupervised probation and was ordered to pay a fine of $1,000 and to pay $500 to the Alabama Crime Victims Compensation Fund. He was further fined court costs. This case is a companion case to Maxwell v. State, 587 So.2d 436 (Ala.Cr.App.1991). Thus, the appellant requested that the record in that companion case be adopted in the present case, and the trial court so ordered.
The record indicates that the appellant was a passenger aboard the sailboat from which certain illegal substances were seized pursuant to a search of the sailboat. See the statement of facts given in Maxwell v. State, supra. During the appellant’s guilty plea hearing, defense counsel indicated that the facts would establish that pharmaceuticals and marijuana were discovered in a berthing area on the sailboat in a bag that bore the appellant’s name and address. In this stipulation, the appellant admitted ownership of the bag and possession of the marijuana, but stated that he was not an owner of the sailboat. As we held in Maxwell v. State, supra, the state sufficiently raised the issue of standing so that the appellants bore the burden of proving their standing to object to the search and seizure. By adopting the record in Maxwell, although the instant appellant was not mentioned by the prosecutor in regard to standing, as he was not a party to that suit, that issue is sufficiently raised in the instant case. Kaercher v. State, 554 So.2d 1143, 1150 (Ala.Cr.App.), cert. denied, 554 So.2d 1152 (Ala.1989).
The instant appellant has failed to show that he had any legitimate Fourth Amendment rights as to the sailboat. See Kaercher v. State, supra, at 1148-50. See *442 also Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). However, during the guilty plea hearing, the appellant clearly admitted ownership of the red canvas bag, in which the marijuana was discovered. Thus, because the appellant admits to ownership of the red canvas bag and the items therein, the appellant has clearly established standing to object to the search and seizure of the items in the canvas bag.
“The Supreme Court’s decision in Rakas v. Illinois, [439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978) ], rejecting the notion that a passenger gains standing to object to search of a car merely by his lawful presence and adopting instead a narrower expectation-of-privacy test, does not conflict with the notion that, at least in some circumstances, a person may have standing by virtue of the fact that his personal property is in the car. The Court in Rakas emphasized that in that case the defendant asserted no ‘interest in the property seized,’ and that the decision was not to be read as saying ‘that such visitors could not contest the lawfulness of the seizure of evidence or the search if their own property were seized during the search.’ ”
LaFave, Search and Seizure (2d ed. 1987), § 11.3(e). See also Carden v. State, 374 So.2d 942 (Ala.Cr.App.1979) (wherein this court held that a defendant had standing to challenge the search of his lunch box which was found in the trunk of an automobile in which he was only a passenger). See also United States v. Salazar, 805 F.2d 1394 (9th Cir.1986) (wherein defendant, who was a passenger in the car, had standing regarding the search of his shopping bag which was located by his feet). This same holding, that a person has standing to object to the seizure of his personal effects, is applied where those effects are searched and seized from within a residence owned by a third party. See LaFave, Search and Seizure (2d ed. 1987), § 11.3(b) at 293-94, § 11.3(c) at 299-300.
However, although the appellant has standing to object to the search and seizure of the marijuana found in his bag, as we held in Maxwell v. State, supra, because the evidence was properly seized pursuant to the “plain view” exception to the exclusionary rule, regarding warrantless searches, we find no error in the trial court’s denial of the motion to suppress. For a further discussion on this holding as to the “plain view” exception, see Maxwell v. State, supra.
AFFIRMED.
All Judges concur.