FAULKNER, Retired Justice.
About 1:40 a.m. on March 20, 1990, a state trooper stopped a 1989 white Ford van that was travelling north at 70 miles per hour in a 65 miles per hour zone on Interstate Highway 65, south of Montgomery, Alabama. The driver of the van was the appellant, Xavier Perez, a 32-year-old *777 Mexican, from the border town of McAllen, Texas.
After the officer stopped Perez, he walked to the van and told him that he was going to give him a warning ticket. There was some conversation between the officer and Perez. The officer then noticed that the van had Texas license plates. He asked Perez who owned the van and where he was going. Perez told him that the van belonged to a friend of his in Mission, Texas, and that he was on his way to install an air conditioner in Atlanta, Georgia. Perez also indicated that a passenger was asleep in the back of the van.
The officer looked and saw the sleeping passenger; he saw a large box, a radar detector, and a citizen’s band radio, but he did not see any tools or luggage. He became suspicious. He returned to the patrol car to complete the warning ticket. The officer then asked Perez whether he could search his van because there had been instances of people transporting illegal drugs on 1-65. Perez consented to the search, and the officer produced a consent to search form, which Perez signed.
The officer called for backup. When the backup arrived, the officer began the search. He opened the large box and smelled marijuana. Other boxes in the van also contained marijuana. Perez was arrested and given a Miranda warning by the officer. The officer asked Perez how much money he was paid to transport the marijuana to Atlanta. Perez said that he was paid $1,000.
Perez was indicted by the Montgomery County grand jury for violating § 13A-12-231, and § 40-17A-9, trafficking in excess of 2.2 pounds, but less than 100 pounds, of marijuana, and for failure to affix stamps indicating that the drugs and controlled substances excise tax had not been paid. Perez was tried before a jury; he was found guilty; and the trial judge sentenced him to 15 years in the state penitentiary. His appeal followed the conviction and sentence.
Perez’s sole contention on appeal is that the trial court committed error by failing to suppress the marijuana that was found during the search. He contends that his consent to the search was not freely and voluntarily given. The record belies this contention. The record shows that Perez voluntarily consented to the search of his van. He freely signed the consent form. Although the appellant argued that he did not understand what he was signing, he exhibited no ignorance of what he was signing when he signed the consent to search.
A voluntary consent invalidates the requirement of a search warrant. Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973). Jones v. State, 49 Ala.App. 438, 272 So.2d 910 (1973). Scott v. State, 409 So.2d 978 (Ala.Cr.App.1981). Moreover, consent is the waiver of Fourth Amendment rights. Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968); Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).
We find no error in the trial court’s denial of the motion to suppress and we therefore affirm the trial court’s judgment.
AFFIRMED.
All the Judges concur.