TAYLOR, Presiding Judge.
The appellant, Freeman Lee Grace, was convicted of the unlawful possession of a controlled substance, cocaine, possession of marijuana in the second degree, and the unlawful possession of prohibited liquor, violations of §§ 13A-12-212, 13A-12-214, and 28-4-20, Code of Alabama 1975. He received a sentence of three years’ imprisonment for possessing cocaine; that sentence was suspended and the appellant was ordered to serve 90 days’ imprisonment in the Morgan County jail. For the marijuana conviction, he was sentenced to one year; that sentence was suspended. For the possession of prohibited liquor conviction he was sentenced to 30 days’ imprisonment in the Morgan County jail, to be served concurrently with the sentence on the cocaine conviction.
The state’s evidence tended to show that on July 24, 1992, Alabama State Trooper Robert Hancock was patrolling Interstate 65 in Morgan County when he noticed that the appellant, Freeman Lee Grace, had stopped his automobile on the shoulder of the southbound lane. Hancock testified that as he passed by the car he saw two black men sitting inside the car and one black man standing beside it. When Hancock drove off onto the shoulder of the road about 200 yards in front of the car, the car drove back onto the interstate. He followed it and radioed in the license plate number. Trooper Hancock testified that he was notified shortly thereaf *19 ter that the car had been reported as stolen, although the report was subsequently determined to be in error. He called for backup support, and when it arrived, he stopped the suspects in the other car.
The appellant got out of the car as soon as he stopped and Trooper Hancock placed him under arrest for theft. Hancock then ordered the two passengers, Grace’s teenage stepbrothers, out of the car. He looked into the car through the left rear window and noticed 11 opened beer cans in the rear floorboard. When he questioned the appellant about whether he had been drinking, he told him that he had bought the beer for his stepbrothers and that they had consumed it.
Trooper Hancock stated that after he discovered the alcohol he conducted a more detailed search of the car. He found two partially smoked marijuana cigarettes in the ashtray and a small amount of cocaine under the driver’s floor mat.
The appellant raises four issues on appeal to this court.
I
The appellant asserts that his trial counsel’s performance was ineffective. The appellant preserved this issue for review through a motion for a new trial pursuant to Ex parte Jackson, 598 So.2d 895 (Ala.1992).[1] To prevail on a claim of ineffective assistance of counsel a party must show 1) that his counsel’s performance was deficient and 2) he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Concerning the first prong of the Strickland test, this court has stated:
“The performance component outlined in Strickland is an objective one: that is, whether counsel’s assistance, judged under ‘prevailing professional norms,’ was “reasonable considering all the circumstances.’ [Strickland v. Washington>] 466 U.S. [668] at 688, 104 S.Ct. [2052] at 2065[, 80 L.Ed.2d 674].” Daniels v. State, 650 So.2d 544, 552 (Ala.Cr. App.1994), cert, denied, — U.S. -, 115 S.Ct. 1375,131 L.Ed.2d 230 (1995).
The appellant specifically contends that his trial counsel’s performance was deficient because he did not file a written motion for discovery. The appellant asserts that because of this failure, the trial court received into evidence a statement made by the appellant to an Alabama state trooper that he had smoked cocaine three or four days before the incident that is the basis of the present case.
There is no constitutional right to discovery in a criminal case in Alabama, but certain rights have been established by rule. Rule 16.1(a)(2), Ala.R.Crim.P., entitles a.defendant, upon written request, to obtain “the substance of any oral statements made by the defendant, before or after arrest, to any law enforcement officer, official, or employee which the state/municipality intends to offer in evidence at the trial.”
The record shows that the appellant’s trial .counsel stated to the court that he had received a discovery package from the Morgan County district attorney’s office in May 1993 and that it did not contain the statement about the appellant’s having smoked cocaine three or four days before the arrest. He also stated that he contacted the district attorney’s office by telephone the week before trial to see if that office had any statements made by the defendant or his code-fendants. He stated for the record that he was told the “the only statements from my client were denial.” There is no evidence in the record that the appellant’s trial counsel filed a written motion for discovery.
The representatives of the district attorney’s office stated that they received the statement the night before trial because it had been in the possession of an Alabama state trooper who worked out of Birmingham and who was unknown to the district attorney’s office. Nonetheless, there is no *20 question that “[t]he knowledge of the investigating officers who took the statement is imputed to the prosecutor.” McMillian v. State, 616 So.2d 933, 946 (Ala.Cr.App.1993).
The record shows that the court made the following remarks when the appellant objected to the use of the statement by the prosecution:
“THE COURT: Well, if your motion had been filed and an order had been entered as is the customary standard for us, I would grant your motion. Under the circumstances, I don’t see the oral request— being pretty clear that the prosecutor had no knowledge of this statement, I don’t see where that would be in violation of any kind of discovery rule or order. If your client was on the stand or if [the prosecutor] was trying to introduce it for the first time without having offered it to you as soon as she came into discovery of it, I would keep it out then too, but this is the first opportunity she has had, and under the fact scenario as you all presented it to me — and I’m confident that both of you are telling me what you know and the way it happened — then I’m going to overrule your motion under these circumstances.”
(Emphasis added.) Thus, the appellant has satisfied the first prong of Strickland by showing that his counsel’s performance was deficient. The question remains: “Was the appellant prejudiced?”
The receipt into evidence of this statement was prejudicial to the appellant and thus satisfied the second prong under the Strickland doctrine. Because one of the elements that the state had to prove was that the appellant had knowledge of the cocaine found in the car, a statement that he had used cocaine three or four days before the charged offense would be prejudicial.
“In order to find a defendant guilty of possession of a controlled substance, the state must establish that the accused was in either actual or constructive possession of the substance and that he knew of the presence of the substance. Jones v. State, 432 So.2d 5 (Ala.Cr.App.1983). ‘Constructive possession can be shown where the controlled substance was found on the premises controlled by the defendant, and guilty knowledge may be established by the surrounding facts and circumstances.’ Whitehead v. State, 429 So.2d 641, 643 (Ala.Cr.App.1982).”
Ward v. State, 484 So.2d 536, 537 (Ala.Cr.App.1985). This court has stated the following concerning the state’s burden of proving constructive possession when the accused is not the sole occupant of a vehicle in which the contraband is found:
“ ‘[w]hile establishing the close proximity of a defendant to an illegal substance is relevant to show his knowledge of its presence, this alone is insufficient to prove the required knowledge necessary to support a finding of constructive possession. Smith v. State, 457 So.2d 997 (Ala.Cr.App.1984). Furthermore, a defendant’s mere presence in an automobile in which an illegal substance is found will not support his conviction for possession of that substance unless the state introduces other evidence in support of the defendant’s possession. Story v. State, 435 So.2d 1360 (Ala.Cr.App.1982), rev’d on other grounds, 435 So.2d 1365 (Ala.1983). The kinds of other evidence or circumstances that could provide the additional support necessary to show possession are unlimited and will vary with each case. Temple v. State, 366 So.2d 740 (Ala.Cr.App.1978).’ ”
Palmer v. State, 593 So.2d 143 (Ala.Cr.App.1991), quoting Perry v. State, 534 So.2d 1126, 1128 (Ala.Cr.App.1988) (emphasis in Perry).
The appellant testified at trial that a female friend had borrowed his car the night before his arrest. Without the appellant’s statement, the jury could have reasonably inferred that the cocaine and marijuana had been left in the car by her and that the appellant had no knowledge of their presence. However, from the statement in question, the jury could also have inferred that the cocaine was left over from three or four days earlier and that it and the marijuana were likely to be the appellant’s because he had admitted to a history of drug use.
If the state had furnished the appellant with the statement before the trial, it would have been admissible. The fact that the appellant had smoked cocaine three or four *21 days before this incident was relevant as proof of the knowledge to commit the crime with which he was charged. C. Gamble, McElroy’s Alabama Evidence, § 69.01(4) (4th ed. 1991).
The trial court stated that it would have excluded this statement from evidence if a “written” motion for discovery had been filed and the prosecutor had not made it available to the defense. The appellant had a right to discover the statement under Rule 16.1(a)(2) upon the filing of a motion for discovery. Oral motions carry no less weight than written ones. That is one reason that circuit courts are courts of record.
The appellant’s conviction is, therefore, due to be, and it is hereby, reversed.
In the interest of judicial economy, we will address other issues which may come up in future proceedings.
II
The appellant also alleges that Trooper Hancock’s search of his automobile was unconstitutional and that, therefore, the trial court erred in receiving into evidence the drugs found as a result of the search. Specifically, he contends that the search was unlawful because Hancock had no warrant and because, he says, the search did not fit into any recognized exception for searches without a warrant.
“Warrantless searches are per se unreasonable, unless they fall within a recognized exception. Ex parte Hilley, 484 So.2d 485 (Ala.1985). Those exceptions include: objects in plain view, consensual searches, a search incident to a lawful arrest, hot pursuit or emergency situations, probable cause coupled with exigent circumstances, and a Terry [v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ], ‘stop and frisk’ situation. Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973). Where a search is executed without a warrant, the burden falls upon the State to show that the search falls within an exception. Kinard v. State, 335 So.2d 924 (Ala.1976).”
Ex parte Tucker, 667 So.2d 1339, 1343 (Ala.), cert. denied, — U.S. —, 116 S.Ct. 382,133 L.Ed.2d 305 (1995).
Was the initial stop of the automobile lawful under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)? Trooper Hancock testified that when he radioed in the tag number the car was reported as stolen. This information gave Hancock grounds to stop the car and detain the driver. A similar situation was addressed by this court in Ex parte Peoples, 510 So.2d 574, 577 (Ala.), cert. denied, 484 U.S. 933, 108 S.Ct. 307, 98 L.Ed.2d 266 (1987), where we stated:
“In the present case, the Childersburg police had received an NCIC [National Crime Information Center] report concerning a red Corvette that had been listed as missing by St. Clair County authorities. Their reliance on this report was proper. In Cotton v. State, 481 So.2d 413, 415 (Ala.Crim.App.1985), the Alabama Court of Criminal Appeals reiterated that ‘information received by officers over the radio in regard to a suspect constitutes sufficient cause to make an investigatory stop to question the suspect about suspected criminal activity. Kemp v. State, 434 So.2d 298 (Ala.Cr.App.1983); Crawley v. State, 440 So.2d 1148 (Ala.Cr.App.1983).’ An officer may rely on a police dispatch in stopping a vehicle. Pickett v. State, 417 So.2d 589 (Ala.Crim.App.1982). A report from the NCIC relayed over police radio that an automobile was stolen, when in fact the NCIC report was erroneous, has been held to support a search and seizure of the automobile by officers in reliance on the report. Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973).”
Another factually similar case is Daniels v. State, 290 Ala. 316, 276 So.2d 441, 447-48 (1973). The Alabama Supreme Court, in Daniels, stated:
“Here, the officers believed, in good faith (by reason of the radio report), that the taxi was stolen. As stated in Hill [v. California, 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971) ], ‘sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment.’
“In this court’s most recent case in the area of search and seizure, In re McArthur Bassett v. State of Alabama, [1973] (per Maddox, J.), 290 Ala. 259, 275 So.2d 720, *22 illegal drugs discovered and seized in a warrantless search of an automobile at the station house were held admissible, because the officers had probable cause to make the search of the vehicle for fruits of a robbery. The car was stopped because the occupants purportedly met the description of the robbers, although, as it turned out, they were not, in fact, the robbers. This court followed the United States Supreme Court case of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). This court agreed with the Court of Criminal Appeals that there was ‘probable cause’ to make the search even though it later turned out that probable cause did not exist, because the two occupants were found not to be the robbers.
“In the instant case, an almost identical situation exists where the officers had probable cause to believe at the time of the search and seizure that the automobile was stolen, because they had received a report to that effect from the National Crime Information Center relayed via police radio network. The fact that the auto was not in fact stolen, as later appears to be the case, should not render the search invalid. Hill, supra, is directly in point in this regard. ... Clearly, at the time the officers had probable cause to believe that the auto was in fact stolen.
“This being so, it appears that the search of the Kleenex box by the officer was a ‘reasonable response to the situation facing them at the time.’ Hill v. California, supra. The officers had a right to search the auto for weapons, for instru-mentalities used to commit the crime, or for fruits of the crime. The officers in this case were not searching the car for drugs, but were conducting a limited search of the nature just described. Of course, the fact that they were not searching for marijuana, which was found, does not mean that the marijuana could not be seized and used as evidence against the defendant at his trial for possession of marijuana. Abel v. United States, [362 U.S. 217, 80 S.Ct. 683, 4 L.Ed.2d 668 (1960) ].”
Based on the Alabama Supreme Court decision in Daniels the search of the car was lawful. As stated above in Daniels, because the car was reported as stolen, the officer had probable cause to arrest the occupants; therefore, any subsequent search of the stolen car was lawful.
Moreover, the search was lawful because Hancock saw in plain view 11 partially consumed beer cans. At this time Hancock had reason to arrest the appellant for violating § 28-4-20 and to search the automobile pursuant to that arrest.
For the reasons discussed in Part I of this opinion, the judgment in this case is reversed and the cause remanded to the Circuit Court for Morgan County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.

. The Alabama Supreme Court, in Ex parte Ingram, 675 So.2d 863 (Ala.1996), overruled Jackson to the extent that it allowed newly appointed appellate counsel to move to suspend the 30-day jurisdictional time limit of Rule 24.1(b), Ala. R.Crim.P., in which to file a motion for a new trial. Because the appellant was convicted before the Supreme Court opinion was released, Jackson still applies.