JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Paris Campbell ("Campbell") appeals his conviction from a jury verdict in the Cuyahoga County Court of Common Pleas for obstruction of official business under R.C.2921.31. Campbell asserts one assignment of error, alleging the conviction was not supported by sufficient evidence. For the reasons outlined below, we affirm.
 {¶ 2} On August 4, 2003, Officer James Cargile ("Officer Cargile") of the East Cleveland Police Department learned of a report of a stolen Dodge Durango in the city of East Cleveland. The report included a vehicle description and a license plate number. That same day, at 4:44 a.m., Officer Cargile observed a vehicle matching the description of the vehicle and radioed back the license plate number to the dispatcher, who confirmed the vehicle was listed as a stolen auto.[1]
 {¶ 3} After radioing for backup, Officer Cargile, with the assistance of another officer in a separate police cruiser, initiated a stop of the suspect vehicle. Both police vehicles were marked cruisers using overhead lights and sirens, and the officers were in full uniform. As the officers approached the vehicle with guns drawn, the vehicle jerked forward because Campbell, the driver, failed to put the vehicle in park and turn off the motor. The Durango then reportedly struck Cargile and fled the scene. Officer Cargile fired three shots from his service revolver that struck the Durango as it fled the scene. The occupants were not injured. The Durango was later stopped a few blocks away after becoming stuck between a pole and a building, and the three occupants, including Campbell, were arrested. It was later determined that the vehicle operated by Campbell was not stolen.
 {¶ 4} Campbell was acquitted of a felonious assault charge with a peace officer specification under R.C. 2903.11, but convicted of the obstructing official business charge under R.C.2921.31.
 {¶ 5} Campbell raises one assignment of error, as follows:
 {¶ 6} "Appellant's conviction for Obstruction of Justice is not supported by sufficient evidence where the officer was not in the performance of his lawful duties."[2]
 {¶ 7} Campbell raises a sufficiency claim asserting that the officers in question were not within the lawful performance of their duties and arguing that the vehicle in question was not stolen and the officers lacked probable cause to make an arrest.
 {¶ 8} Crim.R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction * * *." The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. Id. In essence, sufficiency is a test of adequacy.State v. Thompkins (1997), 78 Ohio St.3d 380, 386-387.
 {¶ 9} Obstructing Official Business under R.C. 2921.31
states:
{¶ 10} "No person, without privilege to do so and with purposeto prevent, obstruct, or delay the performance by a publicofficial of any authorized act within his official capacity,shall do any act which hampers or impedes a public official inthe performance of his lawful duties."
 {¶ 11} In this instance, the police relied on a report that the vehicle operated by Campbell was stolen. It is not in dispute that the vehicle was listed in the LEADS system as a stolen vehicle. The fact that a vehicle is entered into the LEADS system and reported as stolen provides an articulable reason to initiate the stop of a vehicle.
{¶ 12} "An officer may stop a motor vehicle to check adriver's license or vehicle registration if the officer has anarticulable and reasonable suspicion that the motorist isunlicensed, the vehicle is improperly registered, or it or itsoccupants are otherwise subject to seizure for violating thelaw. Delaware v. Prouse (1979), 440 U.S. 648, 663,99 S.Ct. 1391, 1401, 59 L.Ed.2d 660. The basic purpose of Fourth Amendmentproscriptions is to impose a standard of reasonableness on theexercise of discretion by government officials, including policeofficers. Id. at 653-54, 99 S.Ct. at 1396."
 {¶ 13} City of Middletown v. Johnson (Nov. 7, 1994), Butler App. No. CA 94-05-105.
 {¶ 14} Campbell's assertion that the police were not acting "in the performance of their lawful duties" because they lacked probable cause to arrest is misplaced. The police did not need probable cause to stop the vehicle; all that is required is a reasonable articulable suspicion. When an officer receives a Bureau of Motor Vehicles' report that a vehicle is not properly licensed, there is a rebuttable presumption that the officer's reliance on the report to make an investigatory stop is reasonable. Id. Here, the analysis is based on the vehicle being reported stolen in the LEADS computer system. Campbell's rationale fails because it was his action, not the action of the police, that prevented the officers from determining the true status of the vehicle in question.
 {¶ 15} Further, the fact that the stolen vehicle report was erroneous is not controlling. The officers acted in good faith. There was no evidence that the East Cleveland police were negligent in entering the vehicle into LEADS or that they were informed it was not stolen prior to the stop and failed to remove the listing from LEADS.
{¶ 16} "In order to satisfy the reasonableness requirement ofthe Fourth Amendment, what is generally demanded of the manyfactual determinations that must regularly be made by agents ofthe government — whether the magistrate issuing a warrant, thepolice officer executing a warrant, or the police officerconducting a search or seizure under one of the exceptions to thewarrant requirement — is not that they always be correct, butthat they always be reasonable."
 {¶ 17} Illinois v. Rodriguez (1990), 497 U.S. 177, 185-86. Here, "sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment." Hill v.California (1971) 401 U.S. 797. See, also, Daniels v. State ofAlabama (1973), 276 So.2d 441.
 {¶ 18} Here, a jury could reasonably conclude that Campbell acted with the purpose to prevent or obstruct Officer Cargile and the East Cleveland police from investigating the stolen vehicle report. Campbell willfully pulled away from the officers and fled the scene. The officers were in marked police vehicles and police uniforms with weapons drawn. They gave clear verbal commands to place the vehicle in park and turn off the engine. Despite this, Campbell drove away from the scene and the vehicle stopped only when it became stuck between a pole and a building a few blocks away. The decision to drive off from the initial stop hampered or impeded the police investigation into the stolen vehicle report.
 {¶ 19} Campbell's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Sweeney, J.*, concur.
*Sitting by assignment: Judge James D. Sweeney, retired, of the Eighth District Court of Appeals.
[1] It is unclear from the record whether this information was initially obtained by Cargile from LEADS (Law Enforcement Automated Data System) or from some other source. Detective Joseph Marche later testified that the vehicle in question was entered into LEADS as a stolen vehicle and communicated to Cargile by the dispatcher.
[2] Campbell was actually convicted of obstructing official business under R.C. 2921.31.