PATTERSON, Judge.
Appellant, Vernon J. Harden, appeals from a conviction of first degree robbery, in which he was sentenced to a term of twenty years in the penitentiary. A motion to suppress the State’s evidence, based on an illegal search and seizure, was denied and forms the basis of this appeal. Following the hearing conducted on the motion to suppress and the trial court’s denial thereof, the parties stipulated to the proposed testimony of the witnesses, without agreeing upon the truthfulness of such, and submitted the case to the trial court for decision on its merits. Appellant, through counsel, formally waived his right to a trial by jury and the right to cross-examine the State’s witnesses. In answer to the charge, counsel contended that the search was improper.
The stipulated facts were basically, as follows: On December 20, 1985, at approximately 9:00 a.m., the First Alabama Bank on Woodley Road in Montgomery was robbed of $3,907.58 by two armed, black males. Witnesses present at the scene identified appellant and a man named Bates as the perpetrators. Immediately after the robbery, appellant and Bates separated and appellant got into a vehicle belonging to a person named Scarbrough, who was not aware of the robbery. Scarbrough drove into a day care center parking area on Woodley Road near the bank, where one of the State’s witnesses observed money in the vehicle and outside next to the vehicle. *1201 This witness observed appellant pick up the money which was laying on the ground outside the vehicle. After Montgomery Police Officer D.J. Spear observed the Scarb-rough vehicle depart the day care center driveway, he stopped the vehicle and arrested appellant. Appellant was transported to the bank where various witnesses identified him as one of the two men who robbed the bank. Appellant was then taken to police headquarters, where he made an inculpatory statement in which he admitted committing the robbery. Based on these facts, the court found appellant guilty of first degree robbery.
At the hearing on appellant’s motion to suppress, Spear testified that he received a radio dispatch informing him of the robbery at the First Alabama Bank. The dispatch identified only one black male and described him to be approximately 5 feet, 6 inches tall, weighing 140 pounds, and wearing a “brown or fatigue jacket.” Spear immediately began a five block patrol of the area around the bank. Approximately one block south of the bank, on Woodley Road, Spear observed a blue Ford automobile “coming out of the area” from the driveway of a day care center. The Ford stopped and as Spear drove past it, he noted that two black males were in the vehicle. The Ford pulled in behind Spear’s patrol car, and Spear then pulled off the road, allowing the Ford to pass. The Ford slowed to a speed of approximately twenty miles per hour, and Spear radioed in the tag number of the vehicle and announced his intention to stop the vehicle. Spear turned the “lights on” and effectuated a stop of the Ford. Scarbrough, the driver, immediately exited the Ford and told Spear that the passenger “had a pile of money” in the front floorboard of the vehicle. Spear removed appellant from the vehicle, observed money with dye on it on the floorboard, and arrested appellant.
In the prosecution’s effort to establish the basis of the initial stop, the following occurred:
“Q. [Mr. Taliaferro, the prosecutor]: And for what purpose exactly did you pull them over?
“A. [Officer Spear]: Well, on a bank robbery anything that moves, whether it’s a white male or a black male, if it’s in the car we stop and always inquire.”
On cross-examination, Spear acknowledged that the description he received is general and could apply to a great many people; that he could not estimate the height and weight of persons in a vehicle; and that he did not have any information regarding the vehicle or the presence of a second suspect. When asked by defense counsel if he stopped the vehicle because the occupants were black, Spear responded, “Well, he’s the only one that was moving in that territory in or around the bank at that time.”
Appellant argues that Spear lacked probable cause to stop the vehicle and the war-rantless search was, therefore, violative of the Fourth and Fourteenth Amendments. The State argues that the initial stop of the vehicle constituted a proper Terry stop and, therefore, was not violative of appellant’s Fourth and Fourteenth Amendment protections against unreasonable search and seizure. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
The question we are called upon to resolve is whether the initial stop of the vehicle was proper under the authority of Terry. If the initial stop was proper under Terry, there is no question that subsequent circumstances sufficiently elevated the facts to establish probable cause to effectuate appellant’s arrest, and any “fruits” flowing from the stop were properly admitted. Pursuant to Terry, 392 U.S. at 22, 88 S.Ct. at 1880, “a police officer may in appropriate circumstances and in an appropriate manner approach a person for the purposes of investigating possibly criminal behavior even though there is no probable cause to arrest.” Section 15-5-30, Code of Alabama 1975, authorizes police authorities to “stop any person abroad in a public place who he reasonably suspects is committing, has committed or is about to commit a felony or other public offense and may demand of him his name, address and an explanation of his actions.”
The Terry analysis requires that there be some reason for the officer to *1202 confront the citizen in the first place. White v. State, 49 Ala.App. 5, 267 So.2d 802 (1972), quoting People v. Navran, 174 Colo. 222, 483 P.2d 228 (1971). Thus, it has been often stated:
“The question of cause necessary to justify an investigatory stop is a ‘reasonable’ or ‘founded’ suspicion that a person has committed or is about to commit a criminal act. ... The founded suspicion must arise from specific facts and not inchoate hunches, but the officer is entitled to draw inferences from those facts in light of his experience.”
United States v. Post, 607 F.2d 847, 850 (9th Cir.1979), and cases cited therein. See also 1 W. LaFave and J. Israel, Criminal Procedure § 3.8(d) (1984). In United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 694, 66 L.Ed.2d 621 (1981), the Court further clarified the reasonable suspicion prong of the Terry analysis, stating:
“Courts have used a variety of terms to capture the elusive concept of what cause is sufficient to authorize police to stop a person. Terms like ‘articulable reasons’ and ‘founded suspicion’ are not self-defining; they fall short of providing clear guidance dispositive of the myriad factual situations that arise. But the essence of all that has been written is that the totality of the circumstances— the whole picture — must be taken into account. Based on the whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.”
In the present case, we believe that there was sufficient evidence for the trial court to conclude that Spear had reasonable cause to approach and stop the Ford vehicle for the purpose of investigating possible criminal activity. Spear had been informed of a robbery and provided with the description of a single black male. From the facts and the type of crime committed, an experienced officer could have reasonably inferred that a vehicle may have been used in the commission of the crime and that another individual, possibly a getaway-car driver, may have been aiding the robber. Immediately after the robbery, Spear was patrolling a five block area, searching for suspects and unusual activity. He observed a vehicle departing the driveway of a day care center, near the bank, from which he had “never seen a car come out of” before. The vehicle was moving slowly, and the occupants were looking straight ahead and not conversing with each other. Additionally, the vehicle was “the only one that was moving in that territory in or around the bank at that time.” The time lapse from the crime to the sighting of the moving vehicle increased the probability, to an appreciable degree, that the automobile carried the suspect.
We, therefore, find that there was sufficient evidence to support the trial court’s determination that the facts known to Spear from the dispatch and his own observations, taken together with rational inferences from those facts and observations, would warrant a man of reasonable caution in believing the action he took in initially stopping the car in which appellant was riding was appropriate. The trial court properly overruled appellant’s motion to suppress.
Based on the foregoing, this cause is due to be and it is hereby, affirmed.
AFFIRMED.
BOWEN and TAYLOR, JJ., concur.
TYSON, J., recuses self pursuant to Canon 3, Ala. Canons of Judicial Ethics, December 15, 1975, being a shareholder in victim bank.
McMILLAN, J., dissents.