TYSON, Judge.
Willie Jones was indicted by the grand jury of Montgomery County for two counts of robbery in the first degree in violation of section 13A-8-41, Code of Alabama 1975. The appellant filed a motion to suppress evidence, and this motion was denied. The appellant went to trial on September 1, 1987, and the jury found him “guilty as charged” in the indictment. He was sentenced to twenty-five years’ imprisonment in the State penitentiary.
On the morning of February 13, 1987, Deputy Sheriffs Willie Holdren and W.J. DeJarnette were routinely patrolling near the Southtrust Bank on Norman Bridge Road in Montgomery, Alabama. A Montgomery motorcycle patrolman stopped them and told them that a bank robbery at the Southtrust Bank was in progress, and they immediately started patrolling the area. They saw a black male running from an apartment housing project on Gilmer Avenue to an automobile and the officers thought this looked suspicious. When the officers turned their car around in order to question him, he had evaded the officers. They immediately started looking for this person.
The Union Bank was robbed three weeks earlier on January 23, 1987, in Montgomery, Alabama. The Union Bank robbery was identical in nature to the Southtrust Bank robbery. A lone black male walked into both banks and approached the teller and then would hand her a note. The teller would place the money in a bag and the robber would flee on foot. The tellers in both banks identified the robber as Jerome Gary. This appellant, Willie Jones, drove the car and was not seen by either teller in or near either bank. Prior to finding the appellant, a Montgomery policeman showed the deputies a composite of the man that had robbed the Union Bank. The deputies stated that the man that they had seen running to a car, the appellant, was the man in this composite, but it was not because it was a composite of Jerome Gary. The deputies continued to patrol the area and approximately thirty to forty-five minutes later the deputies saw the appellant again, who was the man that they stated they had seen running earlier. This appellant ran a stop sign and the deputies stopped him. The appellant got out of the car and approached the officers. The officers then noticed that there was another individual hiding on the floorboard of the car. This individual was Jerome Gary, the robber of both banks. The officers told Jerome Gary to get out of the automobile, and the officers began questioning both of these men. At this time, the officers still thought it was the appellant in the compos *670 ite and they were not questioning Jerome Gary. The officers stated that the appellant was very nervous and started sweating and slobbering at the mouth. (R. 27) The appellant became very belligerent when the officers asked for the keys to his car. Officer T.D. Simmons of the Montgomery Police Department stated that, when he arrived on the scene, the deputies were telling the appellant that he was a suspect in the Southtrust Bank robbery. (R. 35) He also stated that he assumed the appellant was under arrest as a suspect in both of the bank robberies and he asked for the appellants’ keys in order to impound the vehicle. (R. 36). While the officers were trying to subdue the appellant, Jerome Gary tried to flee from the scene but the officers apprehended him. After the appellant was placed under arrest for disorderly conduct, the trunk of the car was opened and it contained money that was taken from the Southtrust Bank. After the money was found, the two suspects were placed under arrest for the robbery of the Southtrust Bank.
I
The appellant filed a motion to suppress the evidence and the trial court denied this requested relief. (R. 48) This appellant contends that the trial court erred in not suppressing the evidence that he claims was taken as a result of a war-rantless search.
This appellant contends that the money found in the trunk of the car was a result of a warrantless search, but this court is not in agreement because we find that there was sufficient probable cause to warrant a search of the vehicle. Probable cause coupled with exigent circumstances is an exception to the general rule, and this exception authorizing warrantless searches has been upheld. Daniels v. State, 290 Ala. 316, 276 So.2d 441 (1973); Dixon v. State, 476 So.2d 1236 (Ala.Cr.App.1985); Cook v. State, 56 Ala.App. 250, 320 So.2d 764 (1975). “There is no set test for determining whether probable cause for a war-rantless search exists and each case must be determined on its own facts.” Jones v. State, 407 So.2d 870 (Ala.Cr.App.1981).
“‘“In dealing with probable cause.... as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians act.” Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879 (1949). Probable cause exists where “the facts and circumstances within their [the officers’] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that” an offense has been or is being committed. Carroll v. United States, [267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925)].’”
Vogel v. State, 426 So.2d 863, 873-74 (Ala.Cr.App.1980), aff'd, 426 So.2d 882 (Ala.1982), cert. denied, 462 U.S. 1107, 103 S.Ct. 2456, 77 L.Ed.2d 1335 (1983).
In this cause deputies were alerted of a robbery in progress. They immediately started patrolling the area, and they saw this appellant running to his vehicle. When they turned their police car around, he had disappeared. Montgomery police officers showed the deputies a composite drawing of the person who had robbed the Union Bank in Montgomery three weeks earlier. One of the deputies thought the man in the composite resembled this appellant. The deputies continued the search for the appellant and, when they located him, they saw him run a red light and consequently pulled him over.
“To justify governmental intrusion upon the Fourth Amendment rights of a private citizen, specific and articulable facts must be present which, when taken together with rational inferences from those facts, would reasonably warrant such intrusion.” Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
“The question of cause necessary to justify the investigatory stop is a ‘reasonable founded suspicion’ that a person has committed or is about to commit a criminal act ... The founded suspicion must *671 arise from specific facts and not inchoate hunches, but the officer is entitled to draw inferences from those facts in light of his experience.” People v. Navran, 174 Colo. 222, 483 P.2d 228 (1971).
A further analysis of Terry stated:
“Courts have used a variety of terms to capture the elusive concept of what cause is sufficient to authorize police to stop a person. Terms like ‘articulable reasons’ and ‘founded suspicion’ are not self defining; they fall short of providing clear guidance dispositive of the myriad factual situations that arise. But the essence of all that has been written is that the totality of the circumstances— the whole picture — must be taken into account. Based on the whole picture the detaining officers must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.” United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 694, 66 L.Ed.2d 621 (1981).
In this cause, there are grounds to warrant a “Terry Stop,” since the running of a red light was a misdemeanor committed in the officers’ presence. This would justify the officers in stopping and investigating this action. Jakes v. State, 398 So.2d 342 (Ala.Cr.App.), cert. denied 398 So.2d 348 (Ala.1981). See also State v. Phillips, 517 So.2d 648 (Ala.Cr.App.1987). Officer T.D. Simmons stated that, when he arrived on the scene, the deputies were telling the appellant that he was a suspect in the Southtrust Bank robbery. (R. 35) Officer Simmons also stated that he assumed the appellant was under arrest for being a suspect in the bank robbery and he asked the appellant for his keys in order to impound the vehicle. At this time, the appellant became belligerent and Officer Simmons arrested him for disorderly conduct. (R. 35) Although each single fact viewed by itself may not give rise to probable cause, in viewing the whole picture this court finds that the officers had a reasonable suspicion that the appellant was involved in the Southtrust Bank robbery, and thus they had probable cause to search the vehicle. Vogel v. State, supra. The appellant was seen running to his automobile in the vicinity of the bank shortly after the officers were notified of a robbery in progress. He resembled the composite of the robber of the Union Bank which occurred three weeks earlier, and both robberies were identical in nature. Although the officers did not know of the composite at this time, the fact that the appellant was in the vicinity, and running made this appellant suspect. After they stopped the vehicle, they found an individual hiding in the back seat floorboard. This individual was Jerome Gary, who was the man that robbed the banks and the man in the composites. When the appellant was questioned, he became very nervous and belligerent, and when they arrested the appellant for disorderly conduct, Jerome Gary, the passenger in the automobile, tried to flee from the officers. Also the officers testified that a description of the height, weight, race, age and clothing of the robber of the Southtrust Bank had been broadcast over the police radio. (R. 37) There was also a description of the appellant’s vehicle broadcast over the police radio. (R. 38) The officer also stated that the reason that he stopped the appellant is because, in his opinion, the driver of the car fit the composite of that of a man who had committed a felony in Montgomery County. Harden v. State, 508 So.2d 1200 (Ala.Cr.App.1987).
Furthermore, the decision of the trial court not to suppress the evidence is within the trial court’s discretion, and is binding on the Court of Criminal Appeals unless clearly erroneous. Simmons v. State, 428 So.2d 218 (Ala.Cr.App.1983).
This case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.